IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )       8:11CV372
                               )
       v.                      )
                               )
$1,000.00 refunded to Mango    )       MEMORANDUM AND ORDER
Creek Properties, Inc., from   )
GBS Partners, Inc., seized on  )
January 28, 2010; et al.,      )
                               )
              Defendants.      )
_____)
```

This matter is before the Court upon plaintiff's motion to strike (Filing No. 19) and request to enter default (Filing No. 21) and claimant Shannon Williams' objection to reassignment order and motion to transfer to new jurisdiction (Filing No. 12), three motions to dismiss (Filing Nos. 13, 15, 26), motion in response to default judgment and motion to appoint counsel (Filing No. 27), motion for copies and notice of change of address (Filing No. 30), and motion for default (Filing No. 31).

**I. Background**

On October 27, 2011, plaintiff filed a complaint for forfeiture *in rem* (Filing No. 1), asserting several personal and real properties were forfeitable to the United States pursuant to 18 U.S.C. §§ 981 and 1956, and 21 U.S.C. § 881. The complaint further alleges Shannon Williams ("Mr. Williams") has an interest in some of the defendant properties. Thus, pursuant to Rule G(4)(b)(i), Supplemental Rules for Admiralty or Maritime Claims

and Asset Forfeiture Actions (hereinafter "Supplemental Rules"), plaintiff provided Mr. Williams direct notice of this forfeiture action by causing him to be personally served with a copy of the complaint, the notice of seizure, the warrant for arrest *in rem*, and the Court's reassignment order.  This direct notice is evidenced by the U.S. Marshals Service's process, receipt and return (Filing No. 11).  Mr. Williams received a copy of all of these items on October 28, 2011 (Filing No. 11).

On November 8, 2011, Mr. Williams filed an objection to reassignment order and motion to transfer to new jurisdiction (Filing No. 12).  On November 9, 2011, Mr. Williams filed a motion to dismiss (Filing No. 13), and on November 21, 2011, Mr. Williams filed another motion to dismiss (Filing No. 15).

On December 15, 2011, plaintiff filed a motion to extend time to file its responses to the objection to reassignment order and motion to transfer to new jurisdiction and motions to dismiss (Filing No. 17).  The motion was granted, and plaintiff was ordered to respond to all pending motions filed by Mr. Williams no later than January 3, 2012.  *See* Filing No. 18. On December 16, 2011, in response to all pending motions filed by Mr. Williams, plaintiff filed a motion to strike Mr. Williams' objection to reassignment order and motion for transfer to new jurisdiction and motions to dismiss (Filing No. 19), for the reason that Mr. Williams has not established standing to contest

this forfeiture, which must be done before he may file any substantive motions in the case.  On the same day, plaintiff also filed a request to enter the default of Mr. Williams in this matter, for failure to file a claim (Filing No. 12).

On December 22, 2011, Mr. Williams filed a third motion to dismiss (Filing No. 26).  On December 27, 2011, Mr. Williams filed a motion in response to default judgment and motion to appoint counsel (Filing No. 27).  On January 20, 2012, Mr. Williams filed a motion for copies and notice of change of address (Filing No. 30) and a motion for default (Filing No. 31).

**II. Plaintiff's motion to strike (Filing No. 19) and request to enter default (Filing No. 21), and Mr. Williams' response (Filing No. 27)**

Plaintiff concedes Mr. Williams is entitled to move to dismiss the complaint in this matter pursuant to Fed.R.Civ.P. 12(b), but only after he has established standing to contest this forfeiture action pursuant to Rule G(8)(b) of the Supplemental Rules.  *See United States v. $10,000 in United States Currency*, 2008 WL 1944562, *4 (D. Neb.)("The filing of a verified claim is a prerequisite to the filing of an answer and confers standing on a claimant to contest forfeiture." (internal quotation and citation omitted)).  Plaintiff alleges Mr. Williams has failed to establish standing in this matter.

Mr. Williams received a copy of the complaint for forfeiture *in rem*, the notice of complaint for forfeiture, and the warrant for arrest *in rem* on October 28, 2011 (Filing No. 11).  The notice (Filing No. 2) informed him that, within thirty-five days of the service date, he must file a claim, signed under penalty of perjury, identifying the specific property claimed, identifying the claimant and stating the claimant's interest in the property, and that he must filed a copy of such claim with the Court, and must serve a copy of such claim on the plaintiff's attorney.  *See* Rule G(8)(b), Supplemental Rules.  The notice also informed Mr. Williams that failure to follow the requirements set forth in the notice may result in a default judgment taken against him for relief requested in the complaint.  *Id.*  Said thirty-five day period expired December 2, 2011.  *Id.*

Mr. Williams alleges "he did immediately send in a claim to all of the property the [plaintiff] is seeking to forfeit."  *See* Filing No. 27.  Mr. Williams further asserts such claim was either lost by the Clerk of this Court or the U.S. mail system.  *See id.*  In the alternative, Mr. Williams also argues the Court should deny plaintiff's motion because he "is a pro-se claimant who is presently incarcerated without the rules of civil procedure law books."  *See id.*

The Eighth Circuit has "repeatedly held that district courts may require claimants in forfeiture proceedings to comply

strictly with [the Supplemental Rules] in presenting their claims to the court." *United States v. Three Parcels of Real Property*, 43 F.3d 388, 391 (8th Cir. 1994). The Eighth Circuit has also held "[p]rocedural default is not excused merely because claimants are proceeding pro se." *Id.* at 392. As Mr. Williams has failed to provide this Court with any evidence supporting his contention that he filed a timely claim, and the notice served upon Mr. Williams adequately provided instructions pursuant to the Supplemental Rules for filing a proper claim, the Court, pursuant to the rulings of the Eighth Circuit, finds Mr. Williams has failed to establish standing in this matter.

Thus, the Court will grant plaintiff's motion to strike and request to enter default. Mr. Williams' Filing Nos. 12, 13, and 15 are deemed stricken pursuant to plaintiff's motion, and Mr. Williams' Filing Nos. 26 and 31, filed after plaintiff's motion to strike, will also be deemed stricken. The Court shall enter the default of Shannon Williams in this matter for failure to file a claim herein.

**III. Mr. Williams' motion to appoint counsel (Filing No. 27) and motion for copies and notice of change of address (Filing No. 30)**

Mr. Williams moves the Court to appoint counsel for this civil forfeiture proceeding (Filing No. 27). The Court will deny Mr. Williams' motion because there is no Sixth Amendment

-5-

right to counsel in civil forfeiture proceedings.  *See* 18 U.S.C. § 982(b).  The Court has reviewed Mr. Williams motion for copies and notice of change of address (Filing No. 30) and will provide Mr. Williams with responses of the government that he has not yet received, if any, at his new address.  Accordingly,

IT IS ORDERED:

1)  Plaintiff's motion to strike (Filing No. 19) is granted.  Filing Nos. 12, 13, 15, 26, and 31 are deemed stricken for the reason that Mr. Williams has not established standing to contest the forfeiture, which must be done before he may file any substantive motions in the case.

2)  Plaintiff's request to enter default (Filing No. 21) is granted.  Shannon Williams is in default for failure to file a claim herein.

3)  Mr. Williams' motion to appoint counsel (Filing No. 27) is denied.

4)  Mr. Williams' motion for copies and notice of change of address (Filing No. 30) is granted.  The clerk of court shall furnish the copies requested in that filing to Mr. Williams.

DATED this 27th day of January, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court