IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV372 |
| | ) | |
| v. | ) | |
| | ) | |
| $1,000.00 refunded to Mango Creek Properties, Inc., from GBS Partners, Inc., seized on January 28, 2010, et al., | ) ) ) | DEFAULT JUDGMENT AND DECREE OF FORFEITURE |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This matter is before the Court upon the plaintiff's Motion for Default Judgment and Decree of Forfeiture (Filing No. 51) against Shannon Williams and any unknown claimants. Plaintiff is represented by Nancy A. Svoboda, Assistant United States Attorney. Defendant properties are not present, neither personally nor through counsel. No claimants are present, either personally or through counsel. Upon review of the record of this case, the Court finds as follows:

    1. A Complaint for Forfeiture *in Rem* was filed herein on October 27, 2011. A Warrant for Arrest *in Rem* (Filing No. 5) was issued by this Court on October 27, 2011. Notice of Complaint for Forfeiture (Filing No. 2) and a copy of the Complaint for Forfeiture *in Rem* (Filing No. 1) were served on the defendant real properties as required by Rule G(3)(a), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and Title 18, United States Code, Section 985(c)(1). Such service is evidenced by Filing Nos. 32 through 41, inclusive.

2. Publication of the notice of this action and of the arrest of all the defendant properties was duly made pursuant to Order of this Court (Filing No. 10) dated November 1, 2011. A Declaration of Publication (Filing No. 29) was filed herein on January 4, 2012.

3. On October 28, 2011, the U.S. Marshals Service served copies of the Complaint for Forfeiture *in Rem*, Notice of Complaint for Forfeiture, Warrant for Arrest *in Rem*, and a copy of this Court's Reassignment Order (Filing No. 8) on Shannon Williams, by personal service, as evidenced by Filing No. 11, a Process Receipt and Return. According to the plaintiff's Complaint, Mr. Williams has an interest in only three of the defendant properties, *viz.*, the real properties locally known as 1923 North 27th Street, 3744 Lake Street, and 2205 North 39th Street, all in Omaha, Nebraska. Plaintiff's Request to Enter Default (Filing No. 21), as to Shannon Williams, was entered by this Court on January 27, 2012 (Filing No. 49). A Clerk's Entry of Default (Filing No. 50), against Shannon Williams, was filed January 30, (2012).

4. According to the plaintiff's Complaint, one of the defendant properties, *viz.*, $85,120.00 in United States currency seized from safe deposit box no. 29 at Pinnacle Bank on December 18, 2009, is forfeitable to the United States pursuant to Title 18, United States Code, Sections 981 and 1956, and Title 21, United States Code, Section 881. On January 23, 2012, the United States filed Everett Montgomery's Consent to Forfeiture (Filing No. 43) pertaining to said $85,120.00, wherein Mr. Montgomery swears he had sole signature authority of said safe deposit box on the date said $85,120.00 was seized, and further swears he acquired said currency by way of his participation in a money laundering conspiracy conducted with Shannon Williams and others from January 1, 2007, to December 19, 2009, and *via* his participation in a marijuana conspiracy conducted with Shannon Williams and others from June 6, 2006, December 14, 2009.

In the Consent, Mr. Montgomery swears the seized currency is either drug proceeds or is property facilitating drug transactions and is therefore forfeitable to the United States pursuant to Title 21, United States Code, Sections 881(a)(6) and (7). Alternatively, Mr. Montgomery swears the seized currency is personal property involved in money laundering activities, is property traceable thereto, or is property constituting or derived from proceeds traceable to a conspiracy to commit money laundering, and is therefore forfeitable to the United States pursuant to Title 18, United States Code, Section 1956(c)(7). Mr. Montgomery has accepted service of process associated with this forfeiture action and consents to the entry of a decree of forfeiture herein.

      5. According to the plaintiff's Complaint, four of the defendant properties, *viz.,*

   a. $1,000.00 refunded to Mango Creek Properties, Inc. From GBS Partners, Inc, seized on January 28, 2010;

   b. $15,545.95 seized from Pinnacle Bank Account No. 6912183410 in the name of Mango Creek Properties, Inc. on December 18, 2009;

   c. $1,445.00 in United States currency delivered to Terry Haddock by Deshawn Hernandez on May 27, 2009 and on July 6, 2009; and

   d. Fairfax, Lot 216, Block 0 40 x 134, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 3721 N. 39th Street, Omaha, Nebraska, titled in the name of Mango Creek Properties, Inc.,

are forfeitable to the United States pursuant to Title 18, United States Code, Sections 981 and 1956, and Title 21, United States Code, Section 881. On January 23, 2012, the United States filed Terry Haddock's Consent to Forfeiture (Filing No. 44). In said Consent, Mr. Haddock swears he had either constructive possession of or held record title to the four defendant properties set forth immediately above, either in his individual capacity or in his capacity as

Registered Agent of Mango Creek, Properties, Inc. In addition, in the Consent, Mr. Haddock swears he acquired the properties under the direction of agents of the United States Government during his cooperation with law enforcement's investigation of a money laundering conspiracy and a marijuana conspiracy involving Shannon Williams, and others, from January 1, 2007, to December 19, 2009 (money laundering), and from June 6, 2006, to December 14, 2009 (marijuana). Additionally, he swears agents of the United States Government represented to him the above-described properties are either drug proceeds or are properties facilitating drug transactions, and are therefore forfeitable to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (7), and are real and personal properties involved in money laundering activities, are properties traceable thereto, or are properties constituting or derived from proceeds traceable to a conspiracy to commit money laundering, and are therefore forfeitable to the United States pursuant to 18 U.S.C. § 1956(c)(7). Mr. Haddock has accepted service of process associated with this forfeiture action and consents to the entry of a decree of forfeiture herein.

      6. According to the Plaintiff's Complaint, six of the Defendant properties, *viz.*,

    a. $1,000.00 seized on December 22, 2099 from Spence Escrow Company from an escrow account holding money for Deshawn Hernandez;

    b. 3181 Pennington Cir SW, Atlanta, Georgia, as surveyed, platted and recorded in Fulton County, Georgia, commonly known as 3181 Pennington Cir. SW, Atlanta, Georgia, titled in the name of E Zone Investments, LLC;

    c. Wilson-Carl C-2nd Add, Lot 20, Block 0 42 X 129.2, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 4527 N. 36th Avenue, Omaha, Nebraska, titled in the name of E Zone Investments, LLC;

    d. Fontenelle Park, Lot 205, Block 0 40 X 130, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 3916 N. 42nd, Omaha, Nebraska, titled in the name of E Zone Investments, LLC;

    e. Yale Place, Lot 49, Block 0-EX S 5 Ft- 40 X 98.2, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 3365 Erskine Street, Omaha, Nebraska, titled in the name of E Zone Investments, LLC; and

    f. Hastings & Heydens 3rd Add, Lot 14, Block 0, Lots 13 & 82 x 120, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 2444 Browne Street, Omaha, Nebraska, titled in the name of Deshawn Hernandez,

are forfeitable to the United States pursuant to Title 18, United States Code, Sections 981 and 1956, and Title 21, United States Code, Section 881.  On January 23, 2012, the United States filed Deshawn Hernandez's Consent to Forfeiture (Filing No. 45).  In said Consent, Ms. Hernandez swears she had either constructive possession of or held record title to the six defendant properties set forth immediately above, either in her individual capacity or in her capacity as Registered Agent of E Zone Properties, LLC.  In addition, in the Consent, Ms. Hernandez swears she acquired the properties *via* her participation in a money laundering conspiracy and a marijuana conspiracy conducted with Shannon Williams, and others, from January 1, 2007, to December 19, 2009 (money laundering), and from June 6, 2006, to December 14, 2009 (marijuana).  In addition, she swears the properties are either drug proceeds or are properties facilitating drug transactions, and are therefore forfeitable to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (7), and are real and personal properties involved in money laundering activities, are properties traceable thereto, or are properties constituting or derived from proceeds traceable to a conspiracy to commit money laundering, and are therefore forfeitable to the United States pursuant to 18 U.S.C. § 1956(c)(7).  Ms. Hernandez has accepted

service of process associated with this forfeiture action and consents to the entry of a decree of forfeiture herein.

7. Plaintiff's Complaint for Forfeiture *in Rem* alleges the defendant property known as West 38', East 76 Feet of Lots 16 and 17, and Lot 18, Block 4, Lowe's Subdivision, as surveyed, platted and recorded in Douglas County Nebraska, commonly known as 3106 Decatur Street, Omaha, Nebraska, titled in the name of Latreise Anderson, is a piece of real property forfeitable to the United States pursuant to Title 18, United States Code, Sections 981 and 1956, and Title 21, United States Code, Section 881. On January 25, 2012, the United States filed a Consent to Forfeiture (Filing No. 48) executed by Latreise Anderson. She swears she is the record title holder of said real property, accepts service of process associated with this case, consents to the jurisdiction of this Court as related to this case, and consents to the entry of decree of forfeiture in this case.

8. Shannon Williams, Everett Montgomery, Terry Haddock, Mango Creek Properties, Inc., Deshawn Hernandez, E Zone Properties, LLC, and Latreise Anderson are the only persons or entities who have an ostensible interest in the defendant properties, and no one has filed a Claim or an Answer herein within the time fixed by law.

9. Plaintiff's Request to Enter Default (Filing No. 21) was granted by this Court on January 27, 2012 (Filing No.49). A Clerk's Entry of Default (Filing No. 50) was filed herein on January 30, 2012.

10. Plaintiff's Motion for Default Judgment and Decree of Forfeiture (Filing No. 51) should be sustained. Accordingly,

IT IS ORDERED:

A. Plaintiff's Motion for Default Judgment and Decree of Forfeiture (Filing No. 51) is hereby sustained.

B. All right, title or interest in or to the following defendant properties, held by any person or entity, is hereby forever barred and foreclosed. The following defendant properties be, and the same hereby are, forfeited to the United States of America:

1. $1,000.00 refunded to Mango Creek Properties, Inc. from GBS Partners, Inc. seized on January 28, 2010;

2. $1,000.00 seized on December 22, 2099 from Spence Escrow Company from an escrow account holding money for Deshawn Hernandez;

3. $85,120.00 in United States currency seized from safe deposit box number 29 at Pinnacle Bank on December 18, 2009;

4. $15,545.95 seized from Pinnacle Bank Account No. 6912183410 in the name of Mango Creek Properties, Inc. on December 18, 2009;

5. $1,445.00 in United States currency delivered to Terry Haddock by Deshawn Hernandez on May 27, 2009 and on July 6, 2009;

6. The North 91.5 Feet, West 28 Feet, Lot 6, in the North 91.5 Feet of Lot 7, Block 4, Parker's Addition, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 1923 N. 27th Street, Omaha, Nebraska, titled in the name of Shannon Williams;

7. Lot 12, Block 2, Hitchcock's 1st Addition, an Addition to the City of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 3744 Lake Street, Omaha, Nebraska, titled in the name of Shannon Williams;

8. 3181 Pennington Cir SW, Atlanta, Georgia, as surveyed, platted and recorded in Fulton County, Georgia, commonly known as 3181 Pennington Cir. SW, Atlanta, Georgia, titled in the name of E Zone Investments, LLC;

9. Hastings & Heydens 3rd Add, Lot 14, Block 0, Lots 13 & 82 x 120, as surveyed, platted and recorded in Douglas County, Nebraska, commonly

known as 2444 Browne Street, Omaha, Nebraska, titled in the name of Deshawn Hernandez;

10. Fairfax, Lot 216, Block 0 40 x 134, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 3721 N. 39th Street, Omaha, Nebraska, titled in the name of Mango Creek Properties, Inc.;

11. Mossman & Wilson Add, Lot 106, Block 0, Lot 106, Block 0, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 2205 N. 39th Street, Omaha, Nebraska, titled in the name of Shannon Williams;

12. Wilson-Carl C-2nd Add, Lot 20, Block 0 42 X 129.2, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 4527 N. 36th Avenue, Omaha, Nebraska, titled in the name of E Zone Investments, LLC;

13. Fontenelle Park, Lot 205, Block 0 40 X 130, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 3916 N. 42nd, Omaha, Nebraska, titled in the name of E Zone Investments, LLC;

14. Yale Place, Lot 49, Block 0-EX S 5 Ft- 40 X 98.2, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 3365 Erskine Street, Omaha, Nebraska, titled in the name of E Zone Investments, LLC; and

15. West 38', East 76 Feet of Lots 16 and 17, and Lot 18, Block 4, Lowe's Subdivision, as surveyed, platted and recorded in Douglas County Nebraska, commonly known as 3106 Decatur Street, Omaha, Nebraska, titled in the name of Latreise Anderson.

C. All the personal and real defendant properties described immediately above shall be disposed of by the United States in accordance with law.

DATED this 9th day of March, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____

LYLE E. STROM, Senior Judge
United States District Court